UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILMINGTON TRUST, NATIONAL ASSOCIATION,

    Plaintiff/Judgment Creditor,

vs.

Mr. HSIN CHI SU,
*also known as*
NOBU SU,
SU HSIN-CHI,
NOBU MORIMOTO,
NOBUYOSHI MORIMOTO,

    Defendant/Judgment Debtor.

Case No. 1:20-mc-00055-VSB

**STIPULATED PROTECTIVE ORDER**

---

**VERNON S. BRODERICK, United States District Court Judge.**

    WHEREAS all of the signatories to this Protective Order (collectively the "Signatories" and individually a "Signatory") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

    WHEREAS, Judgment Creditor Wilmington Trust, National Association ("Wilmington Trust") states that it obtained a judgment against Judgment Debtor Hsin Chi Su in the United States District Court of the Southern District of Texas (Case No. 4:14-cv-2164) on May 23, 2019 (the "Judgment"), and has subsequently registered the Judgment in the above-captioned action and pursued enforcement of the Judgment in various other jurisdictions (collectively, the "Judgment Enforcement Proceedings");

    WHEREAS, Wilmington Trust seeks post judgment discovery from Lewis Brisbois Bisgaard & Smith LLP;

    WHEREAS, the Signatories, through counsel, agree to the following terms;

    WHEREAS, the Signatories acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal

principles, to confidential treatment;

WHEREAS, the Signatories further acknowledge that this Protective Order does not create entitlement or obligation to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Signatories that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing discovery produced in this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the Signatories to this Protective Order, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.   Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.   The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is used and that consists of:

(a)   trade secrets, competitively sensitive technical, marketing, financial, sales or other non-disclosed business information;

(b)   information of a personal or intimate nature regarding any individual;

(c)   information which the producing person or entity otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; or

(d)   any other category of information hereinafter given confidential status by the Court.

3.   With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

5. If a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential under the terms of this Protective Order.

6. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the Parties to this action, their insurers, and counsel to their insurers (only on a commercially reasonable need to know basis);

(b) counsel retained by the Parties to this action for this action or any Judgment Enforcement Proceeding, including any paralegal, clerical and other assistant employed by such counsel and assigned to such matters;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter or any Judgment Enforcement Proceeding, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator engaged or appointed in this matter or any Judgment Enforcement Proceeding, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify in a hearing or deposition in this action or any Judgment Enforcement Proceeding, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person retained by a Party to serve as an expert witness or otherwise provide

       specialized advice or services to counsel in connection with this action or any Judgment Enforcement Proceeding, including private investigators and sheriffs, marshals, or other similar enforcement proxies of the court, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)     stenographers engaged to transcribe depositions conducted in this action or any Judgment Enforcement Proceeding; and

(i)     this Court and any other tribunal presiding over any Judgment Enforcement Proceeding, including any appellate court, and the court reporters and support personnel for the same.

7.     Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d), 6(f) or 6(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8.     Any Signatory who objects to any designation of confidentiality may within 45 days of receipt of such Discovery Material serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Signatories cannot reach agreement promptly, counsel for all Signatories will address their dispute to this Court.

9.     Any Signatory who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may within 45 days of producing such Discovery Material serve upon counsel for the receiving Signatory a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court.

10.     Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of the Judgment Enforcement Proceedings and any appeals thereto, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

11.     Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will

provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

12. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 5(B) of this Court's Individual Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed under seal with the tribunals in the Judgment Enforcement Proceedings. The Signatories will use their best efforts to minimize such sealing.

13. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion, even if such material has previously been sealed or designated as Confidential.

14. Any Signatory or person filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

15. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

17. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of the Judgment Enforcement Proceedings, all Discovery Material

designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

        18.     All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

        19.     The provisions of this Protective Order shall cover discovery provided prior to its effective date, including the responses provided by Lewis Brisbois Bisgaard & Smith LLP on or about September 2, 2024.

        20.     The entry of this Protective Order is not and shall not be construed as an admission of any kind against either the Judgment Debtor or Lewis Brisbois Bisgaard & Smith LLP.

*[signatures on following page]*

**SO STIPULATED AND AGREED.**

Dated: September 19, 2024

WILK AUSLANDER LLP

By: _____
Jay S. Auslander
Natalie Shkolnik
Aari Itzkowitz
James R. Alicea
825 Eighth Avenue, Suite 2900
New York, New York 10019
Telephone: (212) 981-2316

*Attorneys for Judgment Creditor, Wilmington Trust, National Association*

Dated: September 19, 2024

LEWIS BRISBOIS BISGAARD & SMITH LLP

_____
Minyao Wang
Minyao.wang@lewisbrisbois.com
77 Water Street, Suite 2100
New York, New York 10005
Telephone: (212) 232-1300

Rafael X. Zahralddin
Rafael.Zahralddin@lewisbrisbois.com
500 Delaware Avenue, Suite 700
Wilmington, DE 19801
Telephone: (302) 985-6004

*Attorneys for Non-Party Lewis Brisbois Bisgaard & Smith LLP*

Dated: __September 23__, 2024

**SO ORDERED.**

_____
**VERNON S. BRODERICK,**
**United States District Court Judge.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, | : <br> : <br> : |
| Plaintiff/Judgment Creditor, | : Case No. 1:20-mc-00055-VSB <br> : <br> : |
| vs. | : <br> : **Non-Disclosure Agreement** |
| Mr. HSIN CHI SU, <br> *also known as* <br> NOBU SU, <br> SU HSIN-CHI, <br> NOBU MORIMOTO, <br> NOBUYOSHI MORIMOTO, | : <br> : <br> : <br> : <br> : <br> : |
| Defendant/Judgment Debtor. | : <br> : <br> : |

---

    I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the person or entity or attorney from whom I received it, or upon permission of the producing person or entity, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

                                                                           _____
                                                                           Signed